# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4005-18T2

V.H.,[1]

    Plaintiff-Respondent,

v.

J.X.,

    Defendant-Appellant.

Argued October 8, 2020 – Decided November 12, 2020

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-1699-19.

J.X., appellant argued the cause pro se.

Scott D. Danaher argued the cause for respondent (Snyder Sarno D'Aniello Maceri & Da Costa, LLC, attorneys; Scott D. Danaher, on the brief).

PER CURIAM

---

[1] We use initials to preserve the confidentiality of court records concerning domestic violence. R. 1:38-3(d)(9).

Defendant appeals from the final restraining order (FRO) entered against him under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. After a review of the respective contentions and the record, in light of the applicable principles of law, we affirm.

We derive the following facts from the parties' testimony at trial. The parties were going through divorce proceedings at the time of these events but still lived together. They have two young children.

On the night of these events, in March 2019, the parties were arguing about the preparation of tax returns for plaintiff's business. Plaintiff stated that defendant slapped her on the face during the argument. She also testified that when her mother came downstairs and got between the parties, defendant also struck her. Plaintiff's mother confirmed in her testimony that she was struck by defendant. Plaintiff denied striking her husband. Plaintiff said defendant had struck her on prior occasions and she is afraid of him.

Although defendant agreed he and plaintiff were arguing about a business matter, he disputed that he struck her during the encounter. Instead, he testified plaintiff slapped him across the face during the argument. He also stated that as he walked away, plaintiff hit him on the back of his neck. Defendant denied

2

striking plaintiff's mother. Both parties called the police. Defendant was arrested and charged with assault, N.J.S.A. 2C:12-1(a).

During the FRO trial, both parties testified regarding a 2015 incident. On that occasion, plaintiff said defendant became angry and threw their child's highchair and a toy chair onto the floor. Plaintiff stated she and the child were injured during the incident. The police were called. Although plaintiff obtained a temporary restraining order (TRO), she later dismissed it.

In contrast, defendant contended plaintiff was the aggressor of that incident. He said she jumped on top of him while he was sitting on the couch and he was defending himself from the attack. During cross-examination, plaintiff admitted that both parties were slapping each other and that she bit defendant while he was restraining her wrists.

Plaintiff obtained a TRO the day following the March 2019 incident. During the April 8, 2019 trial, both parties were represented by counsel. Plaintiff's mother testified with the use of an interpreter. Neither of the parties nor their counsel requested the use of the interpreter during their respective testimony.

A-4005-18T2

In a well-reasoned oral decision following the close of testimony, Judge

Terry Paul Bottinelli granted plaintiff a FRO. In making credibility findings,

Judge Bottinelli stated:

> I was watching carefully the testimony that was given. I am satisfied that the testimony of the mother-in-law was accurate. I do not believe that she was making this up. She was very clear with what happened between the two of them with the arguments that developed between he, she, the husband and the wife, that she came downstairs with the children, that when she tried to intervene with this, that she was struck on the right side of her head.
>
> Similarly, with V.H., I'm satisfied that when she was asked a question, she answered the questions clearly and succinctly. She did not embellish, although she could have. She testified quite forthrightly that, during the course of this incident, that her husband had struck her on the right-hand side of her face. She testified that the police came and, as a result of an investigation by the police, there were charges that were lodged not against her but against her husband.
>
> J.X. testified that he never did anything, he didn't strike his wife, he didn't strike his mother-in-law. He testified that this incident is all as a result of the filing of a complaint . . . for divorce.
>
> . . . .
>
> He said that it was she who slapped him and it was he who called the police.
>
> On his cross-examination, it seemed that he was wandering a bit with regard to his testimony. He

A-4005-18T2

testified that it's his belief that when there are claims that are made by the husbands, that the law does not protect husbands. The law [as defendant misperceives it] goes and protects the wives.

I find that [plaintiff] was credible in her testimony. I do not find that the husband was particularly credible. He was argumentative with regard to questions that were being asked and I find that the wife was more credible as far as what transpired that evening, as well as that which happened with the mother-in-law.

Judge Bottinelli found defendant had struck plaintiff and her mother and, therefore, had established a predicate act of assault. In addressing plaintiff's need for a FRO, the judge found there was a need to protect plaintiff from further acts of domestic violence. He noted she had previously received a TRO and dismissed it when defendant promised he would not hurt her again. Therefore, the court granted the FRO.

On appeal, defendant contends the trial court erred in issuing a FRO and was mistaken in not identifying inconsistencies in the testimony and in his interpretation of the testimony. Defendant also asserts the court erred in its ruling on certain objections. We disagree and affirm substantially for the reasons expressed in Judge Bottinelli's thoughtful decision.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe substantial deference to the Family Part's

findings of fact because of its special expertise in family matters. Id. at 413. Deference is especially appropriate in bench trials when the evidence is "largely testimonial and involves questions of credibility." Id. at 412. A trial judge who observes witnesses and listens to their testimony is in the best position to "make first-hand credibility judgments about the witnesses who appear on the stand." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008).

We are satisfied the totality of the circumstances supports Judge Bottinelli's findings that plaintiff established a predicate act of assault and there was sufficient evidence that a FRO was necessary to protect her from future acts of assault and domestic violence. See Silver v. Silver, 387 N.J. Super. 112, 127 (App. Div. 2006). Although defendant is correct that plaintiff initially said she was not afraid to have defendant in the home, she later stated she was mistaken and that she was "afraid" and "scared." Having reviewed the record, we find no basis to disturb the judge's credibility determinations, and his factual findings are supported by substantial credible evidence. See Cesare, 154 N.J. at 411-12.

All other points raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

A-4005-18T2

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION